Dear Ms. McLendon:
You have requested our opinion on the processing of certain requests made to your office under the Maryland Public Information Act ("PIA"). You have explained that your office receives numerous PIA requests each year, mostly from convicted defendants seeking disclosure of the prosecutorial files maintained in their cases. Because the requester generally presents an all-encompassing request and the prosecutorial files can be voluminous, the processing of these requests often entails a significant amount of staff time and copying costs. Generally the requester, as an incarcerated individual, also seeks a waiver of fees for the search and copying. You have asked whether you must (i) grant these requests and allow disclosure and (ii) waive the fees merely because the requester adequately demonstrates pauper status.
Our opinion is as follows:
1. The PIA would require you to grant these requests unless you identify a basis in the law that authorizes you not to do so for example, that disclosure would interfere with a law enforcement proceeding.
2. You need not waive fees solely because the requester lacks money to pay the fees. Each request for a fee waiver should be considered in light of the waiver standards in the PIA.
 I Right of Access
The PIA was enacted to provide the public a broad right of access to records maintained by State and local governments.Faulk v. State's Attorney for Harford County, 299 Md. 493, 506,474 A.2d 880 (1984); A.S. Abell Publishing Co. v. Mezzanote,297 Md. 26, 32, 464 A.2d 1068 (1983). In furtherance of this purpose, the PIA's rule of construction is "in favor of permitting inspection of a public record, with the least cost and least delay to the person . . . [who] requests the inspection." § 10-612(b) of the State Government ("SG") Article, Maryland Code. Thus, "[e]xcept as otherwise permitted by law, a custodian shall permit a person or governmental unit to inspect any public record at any reasonable time." SG § 10-613(a).[1] Consistent with the broad right of access granted by the PIA, a requester has a right to judicial review of a custodian's denial of a request to inspect public records. SG § 10-623. In a judicial proceeding arising out of such a denial, the custodian bears the burden of establishing a valid basis for the denial. Id. See also Faulk, 299 Md. at 507.
There are, of course, limits on the right of access granted by the PIA. One potential basis for denying inspection of case files in a State's Attorney's Office is SG § 10-618(f)(1)(i), which generally authorizes a custodian who "believes that inspection . . . would be contrary to the public interest . . . [to] deny inspection of . . . records of investigations conducted by the Attorney General, a State's Attorney, a city or county attorney, a police department, or a sheriff."[2]
However, the PIA effectively grants a special right of access to a "person in interest" — that is, the subject of an investigatory file.[3] A person in interest may be denied the right to inspect pertinent investigatory and prosecutorial files of a State's Attorney only to the extent that inspection would:
 (i) interfere with a valid and proper law enforcement proceeding;
 (ii) deprive another person of a right to a fair trial or an impartial adjudication;
 (iii) constitute an unwarranted invasion of personal privacy;
 (iv) disclose the identity of a confidential source;
 (v) disclose an investigative technique or procedure;
(vi) prejudice an investigation; or
 (vii) endanger the life or physical safety of an individual.
SG § 10-618(f)(2). Absent one of these enumerated reasons or another PIA exemption, the custodian must permit inspection of the investigatory or prosecutorial file. See Mayor and City Councilv. Maryland Committee Against the Gun Ban, 329 Md. 78, 81-82,617 A.2d 1040 (1993). Yet, as this office has observed, "[t]he number and wide scope of these factors will often lead to a denial of disclosure by the law enforcement agency, especially where records have been recently obtained and are in active use in investigations." Office of the Attorney General, PublicInformation Act Manual 20 (6th ed. 1993).[4]
Therefore, a State's Attorney may not have a blanket rule of denying PIA requests from inmates seeking documents in prosecutorial files, nor may a State's Attorney deny inspection merely because to do so would require search time and copying expense. Mayor and City Council of Baltimore v. Burke,67 Md. App. 147, 157, 506 A.2d 683 (1986). However, to the extent that a document, or portion of a document, raises one of the concerns in SG § 10-618(f)(2) or is otherwise within a PIA exemption, you may deny inspection of the document or redact the sensitive portion of the document.
 II Fee Waivers
Pursuant to SG § 10-621(a), the official custodian of public records "may charge an applicant a reasonable fee for the search for, preparation of, and reproduction of a public records." This provision reflects a legislative judgment that the taxpayers need not subsidize PIA requesters (except for the first two hours of search and preparation time, which are free to the requester under SG § 10-621(b)).
When an applicant asks for a waiver, the official custodian may waive the fee if, "after consideration of the ability of the applicant to pay the fee and other relevant factors, the official custodian determines that the waiver would be in the public interest." SG § 10-621(d). This wording negates any argument that poverty alone entitles a requester to a fee waiver; poverty is but one of the "relevant factors" that ultimately lead to a discretionary judgment about the public interest.
Conversely, a decision on a fee waiver request may not be based solely on the expense that would be incurred if the waiver were granted; a fee waiver request must be considered in light of the ability of the requester to pay the fee and "other relevant factors." See Burke, 67 Md. App. at 157 (finding Baltimore City's denial of fee waiver request arbitrary and capricious because the City only considered the expense it would incur and did not consider the public interest).[5] Burden on the office is surely not irrelevant, and might tip the public interest assessment, but it cannot be the only consideration.
The broad term "public interest" does not permit a precise listing of relevant factors. Cases have identified a "public interest" in the disclosure of records shedding light on a public controversy about official actions, Harris Enterprises, Inc. v.Moore, 734 P.2d 1083, 1089 (Kan. 1987), and on an agency's performance of its public duties, Massey v. FBI, 3 F.3d 620, 625
(2d Cir. 1993). "However, the mere possibility that information may aid an individual in the pursuit of litigation does not give rise to a public interest." Id.
 III Conclusion
In summary, it is our opinion that a convicted defendant may obtain access to the prosecutorial file concerning the defendant unless one or more of the factors specified in SG § 10-618(f)(2) exists or some other PIA exemption applies. A defendant is not generally entitled to obtain access unless the defendant pays any applicable fees or you grant a fee waiver in a particular case.
Very truly yours,
 J. Joseph Curran, Jr. Attorney General
 Kathleen S. Hoke Assistant Attorney General
_________________________ Jack Schwartz Chief Counsel Opinions Advice
[1] The key terms "custodian" and "public record" are defined in SG § 10-611(c) and (f), respectively. The records in question here are "public records," and you and your staff are "custodians" of the records. You are also the "official custodian" of all records in your office. See SG § 10-611(d).
[2] This exemption also covers any "investigatory file compiled for any other law enforcement, judicial, correctional, or prosecution purpose" and certain "records that contain intelligence information or security procedures . . . ." SG § 10-618(f)(1)(ii) and (iii).
[3] The term "person in interest" is defined in SG § 10-611(e).
[4] If some other PIA exemption applied to a record in the file — for example, the attorney work-product privilege embodied in SG § 10-618(b) — access could be denied on that basis.
[5] An official custodian's decision with respect to the denial of a fee waiver will only be reversed or modified by a court if the decision was arbitrary or capricious. Burke,67 Md. App. at 156-57.
 *Page 159